UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| KHALIL ABDUL HAKIM, | : |
| Petitioner | : No. 4:CV-06-2208 |
| vs. | : (Petition Filed 11/13/06) |
|  | : (Judge Muir) |
| RONNIE HOLT, | : |
| Respondent | : |

**ORDER**

February 1, 2007

Petitioner, Khalil Abdul Hakim, an inmate currently confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Background**

On June 6, 2002, a jury in the United States District Court for the Eastern District of Pennsylvania found petitioner guilty of one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371, one count of armed bank robbery in violation of 18 U.S.C. § 2113(d); one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(d)(1); and one count of using,

carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (USA vs. Hakim, Criminal Action No. 2:02-cr-0131 -JP-All (E.D. Pa. 2002)(docket sheet)).  On September 30, 2002, he was sentenced to a 136 month term of imprisonment, five years of supervised release, restitution in the amount of $14,698.00 and a special assessment of $400.00.  Id.

On October 1, 2002, Hakim filed a direct appeal of his conviction to the United States Court of Appeals for the Third Circuit.  On October 14, 2003, the Court of Appeals affirmed the judgement of the district court.  Id.

On June 14, 2004, Hakim filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Id.  After a hearing on April 21, 2005, the trial court issued a Memorandum and Order on October 19, 2005, denying petitioner's 2255 motion.  Id.  On November 1, 2005, Hakim appealed the denial of his 2255 motion to the United States Court of Appeals for the Third Circuit, and on December 7, 2005, he filed a motion for certificate of appealability with the Court of Appeals.  Id.  By Order dated March 21, 2006, the Court of Appeals denied petitioner's motion for certificate of

appealability, and affirmed the trial court's denial of petitioner's 2255 motion. Id. On May 1, 2006, petitioner filed a motion for rehearing en banc. Id. By Order dated May 31, 2006, petitioner's motion for rehearing en banc was denied. Id.

On November 13, 2006, Hakim filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks relief on the basis of the following:

1. The unlawful execution and continued operation of a federal prison sentence imposed in violation of the United States Constitution plainly renders the term of confinement patently illegal.

2. The United States Supreme Court did in fact exceed its lawful constitutional authority under the separation of powers doctrine in accordance with Articles I, II, and III of the United States Constitution by impermissibly encroaching the powers of the legislative branch and improperly severing an excising §§ 3553(a) and 3742(e) from the Sentencing Reform Act of 1984 and thereby in effect making the United States [Federal] Sentencing Guidelines advisory in an effort to make the guidelines compliant and compatible with the Fifth and Sixth Amendments.

3. The term of supervised release imposed on petitioner under the circumstances presented by the instant case is not authorized by law

3

> or sanctioned by the United States Constitution as applied.
>
> 4. Petitioner is in fact unlawfully detained where the sentencing court lacked sufficient jurisdiction to imposed the kinds of restraints on his liberty that it did in the first instance.

Petitioner claims that both his sentence enhancements and his supervised release are in conflict with the Supreme Court's decisions in Apprendi vs. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely vs. Washington , 524 U.S. 596, 124 S.Ct. 2531 (2004); and United States vs. Booker, 543 U.S. 220, 125 S.Ct. 738, 749 (2005). (Doc. No. 1, petition). Because neither <u>Apprendi</u>, <u>Blakely</u>, nor <u>Booker</u> apply to cases on collateral review, the Court will summarily dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).[1]

---

1. Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those Rules, which provides that "[i]n applications for habeas corpus in

4

**DISCUSSION**

When challenging the validity, and not the execution of, his sentence, a federal prisoner is limited to filing a motion pursuant to § 2255 in the sentencing court. Coady vs. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001). However, a challenge can be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). This language in § 2255, known as the safety-valve clause, must be strictly construed. Id. at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle vs. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

---

cases not covered by [§ 2254], these rules may be applied at the discretion of the United States District Court." This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Heath vs. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977), and there is no sound reason not to apply Rule 4 in this case.

5

to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Petitioner is clearly challenging the validity of his conviction and sentence. Thus, he must do so by following the requirements of § 2255. In that it appears that he has already unsuccessfully sought § 2255 relief, he must obtain certification from the Third Circuit to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." In this regard, the fact that the United States Court of Appeals for the Third Circuit has held that Apprendi, Blakely, and Booker are not to be applied retroactively to cases on collateral review does not mean that § 2241 is an available means to raise claims based upon those precedents. See United States vs. Swinton, 333 F.3d 481, 485-87 (3d Cir.2003); Lloyd vs. United States, 407 F.3d 608 (3d Cir. 2005) (Booker/Blakely rules not retroactively applicable to cases on collateral review and thus do not provide a basis for authorizing a second or successive § 2255 motion); see also United States vs. Brown, 170 Fed. Appx. 240, 242 (3d Cir. 2006)("the rule announced in Booker, which applied

the <u>Blakely</u> rule to the Federal Sentencing Guidelines, is not retroactively applicable to cases on collateral review where the judgment of conviction was final as of January 12, 2005, the date on which the <u>Booker</u> opinion was issued.").

Since § 2255 is not inadequate or ineffective to test the legality of petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on petitioner's right to file a 2255 motion in the United States District Court for the Eastern District of Pennsylvania, provided Hakim first obtains authorization from the Third Circuit to do so.

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. No. 1), is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

s/Malcolm Muir
MUIR
United States District Judge
